UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

| | |
|---|---|
| COREY HEEMER,<br><br>                    Plaintiff,<br><br>v.<br><br>PROGRESSIVE CASUALTY<br>INSURANCE COMPANY,<br><br>                    Defendant. | NO. 2:21-cv-605<br><br>**ORIGINAL COMPLAINT** |

**ORIGINAL COMPLAINT**

COMES NOW Plaintiff Corey Heemer by and through her attorney April Rhéaume of Sanford Law Firm, PLLC, and for her Original Complaint ("Complaint") against Defendant Progressive Casualty Insurance Company and in support thereof she does hereby state and allege as follows:

**I.    PRELIMINARY STATEMENTS**

1.    Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"), and Washington Minimum Wage Requirements and Labor Standards ("WMWR"), Revised Code of Washington § 49.46.005, *et seq.*, for declaratory judgment,

ORIGINAL COMPLAINT
(21-605) – Page 1

SANFORD LAW FIRM, PLLC
KIRKPATRICK PLAZA
10800 FINANCIAL CENTRE PARKWAY, SUITE 510
LITTLE ROCK, ARKANSAS 72211
(800) 615-4946

monetary and liquidated damages, interest, and costs, including reasonable attorney's fees, as a result of Defendant's failure to pay Plaintiff overtime wages as required by the FLSA and the WMWR.

2. Upon information and belief, for at least three years prior to the filing of the Complaint, Defendant has willfully committed the FLSA and WMWR violations as described, *infra*.

## II.   JURISDICTION AND VENUE

3. The United States District Court for the Western District of Washington has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. This Complaint also alleges violations of WMWR, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

5. Plaintiff performed work for Defendant in Snohomish County. Therefore, venue is proper within this Division pursuant to 28 U.S.C. § 1391.

## III.   THE PARTIES

6. Plaintiff is an individual and resident and domiciliary of Bexar County, Texas.

7. Defendant is an Ohio for-profit corporation.

8. Defendant may be served at any of its branches.

9. Defendant does business as Progressive Insurance.

## IV.   FACTUAL ALLEGATIONS

18. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

ORIGINAL COMPLAINT
(21-605) – Page 2

SANFORD LAW FIRM, PLLC
KIRKPATRICK PLAZA
10800 FINANCIAL CENTRE PARKWAY, SUITE 510
LITTLE ROCK, ARKANSAS 72211
(800) 615-4946

19. During each of the three years preceding the filing of this Complaint, Defendant has had at least two employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for interstate commerce.

20. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

21. Defendant was at all times relevant hereto Plaintiff's employer and is and has been engaged in interstate commerce as that term is defined under the FLSA.

22. Defendant is an insurance company with branches throughout the United States.

23. Plaintiff was employed by Defendant as a Claims Generalist Intermediate from August of 2017 until April of 2021.

24. At all relevant times herein, Defendant directly hired Plaintiff to work at its branches and offices, paid her wages and benefits, controlled her work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding her employment.

25. At all times material herein, Plaintiff has been entitled to the rights, protection and benefits provided under the FLSA.

26. As a Claims Generalist Intermediate, Plaintiff's primary duties were to evaluate and resolve injury claims of Defendant's customers.

27. Plaintiff did not hire or fire any other employee.

28. Plaintiff was not asked to provide input as to which employees should be hired or fired.

ORIGINAL COMPLAINT
(21-605) – Page 3

SANFORD LAW FIRM, PLLC
KIRKPATRICK PLAZA
10800 FINANCIAL CENTRE PARKWAY, SUITE 510
LITTLE ROCK, ARKANSAS 72211
(800) 615-4946

29. Plaintiff did not exercise discretion or independent judgment as to matters of significance.

30. Plaintiff's primary duties were repetitive, rote or mechanical tasks which were subject to close review and management.

31. Plaintiff sought input from her supervisors in lieu of making significant decisions on her own.

32. In carrying out her duties, Plaintiff followed the processes set by Defendant and others.

33. Defendant classified Plaintiff as a salaried employee, exempt from the overtime requirements of the FLSA.

34. Plaintiff regularly worked over forty hours per week.

35. Plaintiff estimates she worked between 40 and 50 hours each week.

36. Defendant did not pay Plaintiff an overtime premium for hours she worked over 40 hours per week.

37. Much of the work completed by Plaintiff is timestamped.

38. Defendant knew or should have known that the job duties of Plaintiff required her to work hours in excess of forty per week, yet Defendant failed and refused to compensate Plaintiff for her work as required by the FLSA.

39. At all times relevant hereto, Defendant was aware of the minimum wage and overtime requirements of the FLSA.

### V. FIRST CAUSE OF ACTION—VIOLATION OF THE FLSA

46. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

ORIGINAL COMPLAINT
(21-605) – Page 4

SANFORD LAW FIRM, PLLC
KIRKPATRICK PLAZA
10800 FINANCIAL CENTRE PARKWAY, SUITE 510
LITTLE ROCK, ARKANSAS 72211
(800) 615-4946

47. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

48. At all times relevant to this Complaint, Defendant has been Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

49. At all times relevant to this Complaint, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

50. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

51. At all times relevant times to this Complaint, Defendant misclassified Plaintiff as exempt from the overtime requirements of the FLSA.

52. Despite the entitlement of Plaintiff to overtime payments under the FLSA, Defendant failed to pay Plaintiff an overtime rate of 1.5x her regular rate of pay for all hours worked over 40 each week.

53. Defendant failed to pay Plaintiff a lawful minimum wage for all hours worked.

54. Defendant's failure to pay Plaintiff all wages owed was willful.

55. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

## VI. SECOND CAUSE OF ACTION—VIOLATION OF WMWR

56. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

ORIGINAL COMPLAINT
(21-605) – Page 5

SANFORD LAW FIRM, PLLC
KIRKPATRICK PLAZA
10800 FINANCIAL CENTRE PARKWAY, SUITE 510
LITTLE ROCK, ARKANSAS 72211
(800) 615-4946

47. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

48. At all times relevant to this Complaint, Defendant has been Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

49. At all times relevant to this Complaint, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

50. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

51. At all times relevant times to this Complaint, Defendant misclassified Plaintiff as exempt from the overtime requirements of the FLSA.

52. Despite the entitlement of Plaintiff to overtime payments under the FLSA, Defendant failed to pay Plaintiff an overtime rate of 1.5x her regular rate of pay for all hours worked over 40 each week.

53. Defendant failed to pay Plaintiff a lawful minimum wage for all hours worked.

54. Defendant's failure to pay Plaintiff all wages owed was willful.

55. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

## VI. SECOND CAUSE OF ACTION—VIOLATION OF WMWR

56. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

ORIGINAL COMPLAINT
(21-605) – Page 5

SANFORD LAW FIRM, PLLC
KIRKPATRICK PLAZA
10800 FINANCIAL CENTRE PARKWAY, SUITE 510
LITTLE ROCK, ARKANSAS 72211
(800) 615-4946

57. Plaintiff asserts this claim for damages and declaratory relief pursuant to the WMWR, RCW § 49.46.005, *et seq.*

58. At all times relevant to this Complaint, Defendant has been Plaintiff's "employer" within the meaning of the WMWR, § 49.46.010.

59. RCW §§ 49.46.020 and 49.46.130 require each employer to pay all employees a lawful minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40 each week, unless the employee meets certain exemption requirements of § 49.46.130(2).

60. At all times relevant to this Complaint, Defendant misclassified Plaintiff as exempt from the overtime requirements of the WMWR.

61. Plaintiff is not exempt under RCW §§ 49.46.010 or 49.46.130.

62. Despite the entitlement of Plaintiff to overtime payments under the WMWR, Defendant failed to pay Plaintiff an overtime rate of 1.5x her regular rate of pay for all hours worked over 40 each week.

63. Defendant failed to pay Plaintiff a lawful minimum wage for all hours worked.

64. Defendant's failure to pay Plaintiff all wages owed was willful.

65. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, costs, and reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

### VII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Corey Heemer respectfully prays for declaratory relief and damages as follows:

A. That Defendant be summoned to appear and answer herein;

ORIGINAL COMPLAINT
(21-605) – Page 6

SANFORD LAW FIRM, PLLC
KIRKPATRICK PLAZA
10800 FINANCIAL CENTRE PARKWAY, SUITE 510
LITTLE ROCK, ARKANSAS 72211
(800) 615-4946

B. That Defendant be required to account to Plaintiff and the Court for all of the hours worked by Plaintiff and all monies paid to her;

C. A declaratory judgment that Defendant's practices alleged herein violate the FLSA and attendant regulations at 29 C.F.R. § 516, *et seq.;*

D. Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying members of the collective actions;

E. Judgment for damages for all unpaid overtime compensation under the FLSA and attendant regulations at 29 C.F.R. § 516, *et seq.;*

F. Judgment for liquidated damages pursuant to the FLSA and attendant regulations at 29 C.F.R. § 516, *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff and the collective during the applicable statutory period;

G. An order directing Defendant to pay Plaintiff and the collective prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

H. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF COREY HEEMER**

SANFORD LAW FIRM, PLLC
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (800) 615-4946
Facsimile: (888) 787-2040

*/s/ April Rhéaume*
April Rhéaume
WA Bar No. 57119
april@sanfordlawfirm.com

ORIGINAL COMPLAINT
(21-605) – Page 7

SANFORD LAW FIRM, PLLC
KIRKPATRICK PLAZA
10800 FINANCIAL CENTRE PARKWAY, SUITE 510
LITTLE ROCK, ARKANSAS 72211
(800) 615-4946